IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

State v. Hamed

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

State of Nebraska, appellee,

v.

Tariq M. Hamed, appellant.

Filed March 21, 2017.    No. A-16-675.

Appeal from the District Court for Lancaster County: Steven D. Burns, Judge, and Paul
D. Merritt, Jr., Judge, Retired. Affirmed.

Chinedu I. Igbokwe and Emeka J. Igbokwe, of Banwo & Igbokwe Law Firm, L.L.C., for
appellant.

Douglas J. Peterson, Attorney General, and Sarah E. Marfisi for appellee.

Pirtle, Bishop, and Arterburn, Judges.

Arterburn, Judge.

## I. INTRODUCTION

Tariq M. Hamed was convicted by a jury of first degree sexual assault, third degree sexual
assault, and negligent child abuse. The district court subsequently sentenced Hamed to a total of
10 to 15 years' imprisonment. Hamed appeals from his convictions and sentences. On appeal,
Hamed asserts that there was insufficient evidence to support his convictions, that the district court
erred in giving a jury instruction which confused and misled the jury, and that the district court
erred in imposing an excessive sentence. Upon our review, we find no merit to Hamed's assertions
on appeal. Accordingly, we affirm.

## II. BACKGROUND

On June 16, 2015, the State filed an information charging Hamed with first degree sexual assault, pursuant to Neb. Rev. Stat. § 28-319(1)(c) (Reissue 2008); third degree sexual assault of a child, pursuant to Neb. Rev. Stat. § 28-320.01 (Reissue 2008); and child abuse, pursuant to Neb. Rev. Stat. § 28-707 (Cum. Supp. 2014). The charges against Hamed stem from an incident which occurred on March 20, 2014. Evidence adduced at trial revealed that at approximately 11:30 p.m. on that day, police officers came across Hamed and R.D. in a van parked in a parking lot near Holmes Lake in Lincoln, Nebraska. When the officers approached the van, they observed that R.D. was not wearing any pants or underwear. Upon further questioning of R.D., officers learned that R.D. was 14 years old and that she and Hamed had engaged in sexual intercourse in the van prior to the officers' arrival. R.D. told the police officers that she believed that Hamed was 18 or 19 years old. She also stated that Hamed knew that she was only 14 years old.

Prior to the start of the jury trial, Hamed stipulated that on March 20, 2014, he "subjected [R.D.] to sexual penetration by subjecting her to penile/vaginal intercourse." As a result of this stipulation, the only issue contested at trial was Hamed's age on March 20, 2014. The State presented evidence to demonstrate that Hamed's date of birth was March 25, 1991, and that he was 22 years old on March 20, 2014, when he engaged in sexual intercourse with R.D. Hamed presented evidence that his date of birth was March 25, 1997, and that he was only 16 years old on March 20, 2014, when he engaged in sexual intercourse with R.D.

The evidence presented at trial revealed that Hamed immigrated to the United States from Sudan with his family in 2007. At the time of his immigration, he presented biographical information and documentation to the United States government. That information and documentation, including a copy of his birth certificate and an "Application for Immigrant Visa and Alien Registration," indicates that Hamed's date of birth is March 25, 1991. That same documentation also indicates that prior to Hamed coming to the United States, he attended a "high school" in Sudan. Hamed's permanent resident card and his immigrant visa both list March 25, 1991, as his date of birth.

The State presented evidence to demonstrate that since Hamed immigrated to the United States in 2007, he has acted as though March 25, 1991, was his birth date. When Hamed enrolled in school in Lincoln, Nebraska in 2007, he was placed in the tenth grade. If Hamed was born on March 25, 1991, he would have turned 16 years old in 2007. Hamed obtained his "Learner's Permit" from the Nebraska Department of Motor Vehicles in December 2008. He obtained his driver's license in April 2009. If Hamed was born on March 25, 1991, he would have been 17 years old in December 2008, and 18 years old in April 2009. A police officer testified at trial that a person must be at least 15 years old to obtain a learner's permit and 18 years old to obtain a "regular" driver's license.

In addition, when Hamed was contacted by police on March 20, 2014, in the parking lot of Holmes Lake, he eventually informed them that his date of birth was March 25, 1991. Similarly, in 2010, when Hamed appeared before the district court on separate criminal charges, Hamed informed the court that he was 19 years old. Also in 2010, Hamed signed an "Appearance Bond"

form and indicated his date of birth was March 25, 1991. The State also presented a recorded telephone call from sometime in 2014 where Hamed repeatedly refers to himself as an "adult."

Although at trial Hamed acknowledged that all of his immigration documentation lists his date of birth as being March 25, 1991, he testified that he was actually born on March 25, 1997, and that he immigrated to the United States when he was 10 years old and in the fifth grade. Hamed suggested that the incorrect date of birth was listed on his immigration documents as a result of a clerical error. Hamed traveled back to Sudan during these proceedings and obtained a birth certificate which indicated that his date of birth is March 25, 1997. Also during these proceedings, Hamed completed an application to formally change his date of birth on his permanent resident card. The evidence revealed that a new card was issued to Hamed, but it still listed March 25, 1991, as Hamed's date of birth. Hamed contended that this was another clerical error. Two of Hamed's siblings testified at trial that Hamed was born in 1997 and that the documents which indicate he was born in 1991 are in error. In fact, Hamed's youngest sibling testified that her immigration documents also listed an incorrect date of birth.

After hearing all of the evidence, the jury convicted Hamed of first degree sexual assault, third degree sexual assault, and negligent child abuse. The district court subsequently sentenced Hamed to 10 to 15 years' imprisonment on his conviction for first degree sexual assault; 1 to 3 years' imprisonment on his conviction for third degree sexual assault; and 1 to 1 year imprisonment on his conviction for negligent child abuse. The court ordered the sentences to run concurrently.

Hamed appeals his convictions and sentences here.

## III. ASSIGNMENTS OF ERROR

On appeal, Hamed assigns and argues four errors, which we consolidate to three errors for our review. First, Hamed alleges that the evidence was insufficient to support his convictions. He also alleges that the district court erred in giving a jury instruction which confused and misled the jury. Finally, he alleges that the district court erred in imposing an excessive sentence.

## IV. ANALYSIS

### 1. SUFFICIENCY OF EVIDENCE

Hamed alleges that the State presented insufficient evidence to prove beyond a reasonable doubt that he committed first degree sexual assault or negligent child abuse when he had sexual intercourse with R.D. In his brief on appeal, Hamed frames his assertions in terms of both the district court's failure to direct a verdict in his favor and the jury's decision to convict him of these charges without sufficient evidence. Hamed's basic argument is the same for each assertion, however. He argues that there was insufficient evidence to demonstrate that he was at least 19 years old on March 20, 2014. Upon our review of the record, we find Hamed's arguments about the sufficiency of the evidence to support his convictions to be without merit.

### (a) Standard of Review

Regardless of whether the evidence is direct, circumstantial, or a combination thereof, and regardless of whether the issue is labeled as a failure to direct a verdict, insufficiency of the evidence, or failure to prove a prima facie case, the standard is the same: In reviewing a criminal

conviction, an appellate court does not resolve conflicts in the evidence, pass on the credibility of witnesses, or reweigh the evidence; such matters are for the finder of fact, and a conviction will be affirmed, in the absence of prejudicial error, if the evidence admitted at trial, viewed and construed most favorably to the State, is sufficient to support the conviction. *State v. France*, 279 Neb. 49, 776 N.W.2d 510 (2009).

(b) Analysis

*(i) First Degree Sexual Assault*

Hamed was convicted of first degree sexual assault pursuant to § 28-319(1)(c). Section 28-319(1)(c) provides, "Any person who subjects another person to sexual penetration when the actor is nineteen years of age or older and the victim is at least twelve but less than sixteen years of age is guilty of sexual assault in the first degree." Prior to the start of trial, Hamed stipulated that he had subjected R.D. to sexual penetration. In addition, Hamed does not challenge the evidence which demonstrated that on March 20, 2014, when Hamed and R.D. engaged in sexual intercourse, R.D. was 14 years old. Hamed only argues that the State failed to sufficiently prove that he was at least 19 years old on March 20, 2014.

Hamed asserts that the evidence presented at trial, including "his actual original birth certificate" obtained from Sudan during the criminal proceedings, conclusively demonstrates that he was born on March 27, 1997, and that he was only 16 years old on March 20, 2014. See Brief for appellant 26. Hamed argues that because he produced his original birth certificate from Sudan, the district court should have directed a verdict in his favor. Hamed also argues that the jury should have disregarded the State's "secondary evidence" that his date of birth was March 27, 1991, because such evidence was not as convincing or conclusive as his original birth certificate.

Hamed's assertions on appeal are essentially about the credibility of the evidence presented at trial. However, as we have often stated, in reviewing a criminal conviction for a sufficiency of the evidence claim, an appellate court does not resolve conflicts in the evidence, pass on the credibility of witnesses, or reweigh the evidence; such matters are for the finder of fact. *State v. Jones*, 293 Neb. 452, 878 N.W.2d 379 (2016). The relevant question when an appellate court reviews a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id*.

As we discussed above, the State presented a great deal of evidence to prove that Hamed's date of birth is March 25, 1991, and that he was 22 years old on March 20, 2014, when he engaged in sexual intercourse with R.D. This evidence included biographical information and documentation Hamed and his parents provided to the United States government when he immigrated to this country in 2007. Notably, included within that documentation is a copy of Hamed's birth certificate from Sudan and an "Application for Immigrant Visa and Alien Registration," which both indicate that Hamed's date of birth is March 25, 1991. That same documentation also indicates that prior to Hamed coming to the United States, he was attending a high school in Sudan. Hamed's permanent resident card and his immigrant visa both list March 25, 1991, as his date of birth.

The State also presented evidence to demonstrate that since Hamed immigrated to the United States in 2007, he has acted as though March 25, 1991, was his birth date. Hamed was enrolled in the tenth grade during the 2007-2008 school year when he would have been approximately 16 years old and he received his driver's license in 2009, when he would have been 18 years old. Prior to these court proceedings, he repeatedly attested to his date of birth being in 1991 before the district court. And, on March 20, 2014, he told police officers that he was born in 1991. It was not until after Hamed was charged with first degree sexual assault that he began to claim that we was born in 1997 and not in 1991.

We note that in his brief on appeal, Hamed does not cite to any authority for the proposition that a birth certificate is conclusive evidence of a person's date of birth. Moreover, the record in this case actually includes two different birth certificates for Hamed. The State's documentary evidence includes a copy of a birth certificate issued by Sudan for Hamed. That birth certificate indicates that Hamed's date of birth is March 25, 1991. Hamed also produced a birth certificate issued by Sudan which indicates his date of birth is March 25, 1997. As a result, even if a birth certificate was conclusive proof of a person's date of birth, in this case, the jury was presented with two different birth certificates which presented two different dates of birth. Given this conflicting information, the jury was free to find that the State's evidence that Hamed's date of birth is March 25, 1991, together with a copy of his birth certificate which supports that date of birth, was more credible than Hamed's copy of his birth certificate which reflected a different date of birth.

Given all of the evidence presented by the State to prove that Hamed was born on March 25, 1991, and that he was 22 years old on March 20, 2014, we conclude that the district court did not err in overruling his motion for a directed verdict. We also conclude that the jury could have reasonably found that Hamed was at least 19 years old on March 20, 2014, and that, as a result, he was guilty of first degree sexual assault.

*(ii) Negligent Child Abuse*

Hamed was convicted of negligent child abuse pursuant to § 28-707(1). Section 28-707(1) provides,

A person commits child abuse if he or she . . . negligently causes or permits a minor child to be:

(a) Placed in a situation that endangers his or her life or physical or mental health;

(b) Cruelly confined or cruelly punished;

(c) Deprived of necessary food, clothing, shelter, or care;

(d) Placed in a situation to be sexually exploited by allowing, encouraging, or forcing such minor child to solicit for or engage in prostitution, debauchery, public indecency, or obscene or pornographic photography, films, or depictions;

(e) Placed in a situation to be sexually abused as defined in section 28-319, 28-319.01, or 28-320.01; or

(f) Placed in a situation to be a trafficking victim as defined in section 28-830.

On appeal, Hamed argues that the State failed to present sufficient evidence to demonstrate that he "abused" R.D. in anyway. The crux of Hamed's argument is that because his date of birth is March 25, 1997, he was only 16 years old on March 20, 2014, when he had sexual intercourse with R.D., and that "consensual sex between minors" does not constitute child abuse. Brief for appellant at 33. Hamed's argument is misplaced.

As we discussed above, because the jury found Hamed guilty of first degree sexual assault, it clearly accepted the State's evidence demonstrating that his date of birth is March 25, 1991, and that he was 22 years old on March 20, 2014, when he had sexual intercourse with R.D., who was only 14 years old. Considering the jury's implicit finding about Hamed's date of birth and his age on the date in question, and considering that Hamed admitted that he had sexual intercourse with R.D., there was also sufficient evidence presented for the jury to conclude that Hamed placed R.D. in a situation to be sexually abused pursuant to § 28-707(1)(e). The evidence presented revealed that Hamed drove R.D. to a secluded area and had sexual intercourse with her in his vehicle. When police arrived on the scene, R.D. was not wearing any pants or underwear. She told officers that she and Hamed had engaged in sexual intercourse and that she was only 14 years old.

Given the evidence presented by the State, we conclude that the jury could have reasonably found Hamed guilty of negligent child abuse.

## 2. Jury Instructions

Hamed next asserts that the district court erred in giving a particular jury instruction which concerned how the jury was to evaluate his statements to law enforcement. Hamed argues that the jury instruction at issue was "confusing and could have misled the jurors." Brief for appellant at 28. However, Hamed did not object at trial to the jury instruction that he now assigns as error. Failure to object to a jury instruction after it has been submitted to counsel for review precludes raising an objection on appeal absent plain error indicative of a probable miscarriage of justice. *State v. Abdulkadir*, 286 Neb. 417, 837 N.W.2d 510 (2013). In this case, we are unable to analyze the jury instructions for plain error because the instructions given to the jury are not included as a part of our record. It is incumbent upon an appellant to supply a record which supports his or her appeal. *State v. Boche*, 294 Neb. 912, 885 N.W.2d 523 (2016). Absent such a record, as a general rule, the decision of the lower court as to those errors is to be affirmed. *Id.*

Because Hamed failed to object to the jury instruction that he now assigns as error and because he failed to include in our record a copy of the instructions given to the jury, we do not further consider this assignment of error.

## 3. Excessive Sentence

Finally, Hamed asserts that the district court erred in imposing an excessive sentence. Hamed focuses his assertion on the court's decision to sentence him to 10 to 15 years' imprisonment on his conviction for first degree sexual assault. Hamed argues that the district court should have sentenced him to less than 5 years' imprisonment on this conviction because of "his age and immaturity which was apparent to the court, his sincerity and candor, and the fact that he had never been charged or previously convicted of any sexual offenses." Brief for appellant at 34. Hamed also argues that the district court should have considered that due to the error in his

immigration documents, he was not actually an adult at the time of the offense. Upon our review, we find no merit to this assignment of error.

### (a) Standard of Review

Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether the sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed. *State v. Dixon*, 286 Neb. 334, 837 N.W.2d 496 (2013).

### (b) Analysis

When imposing a sentence, a sentencing judge should consider the defendant's age, mentality, education and experience, social and cultural background, past criminal record, and motivation for the offense, as well as the nature of the offense and the violence involved in the commission of the crime. *State v. Howard*, 282 Neb. 352, 803 N.W.2d 450 (2011). In imposing a sentence, the sentencing court is not limited to any mathematically applied set of factors; rather, the appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id.*

Hamed challenges the district court's sentence of 10 to 15 years' imprisonment on his conviction for first degree sexual assault. First degree sexual assault is a Class II felony. See § 28-319(2). A Class II felony is punishable by 1 to 50 years' imprisonment. Neb. Rev. Stat. § 28-105(1) (Reissue 2016). Because Hamed's sentence falls within the statutorily provided range, we review the sentence imposed only for an abuse of discretion. *State v. Dixon*, 286 Neb. 334, 837 N.W.2d 496 (2013).

We note that a transcription of the sentencing hearing is not included as a part of our record. As a result, we do not know what the district court said prior to imposing the sentence, nor do we know exactly what the court considered in imposing Hamed's sentence. However, the evidence that is contained in our record, including the presentence report, supports the district court's decision to impose a sentence of 10 to 15 years' imprisonment for Hamed's conviction for first degree sexual assault.

In his brief on appeal, Hamed asserts that he should have received a lesser sentence because of his young age and immaturity. In addition, he reiterates his assertion that the date of birth contained in his immigration papers is not his actual date of birth and, as such, he should not have been convicted of sexual assault. As we discussed more thoroughly above, there was conflicting evidence presented at trial concerning Hamed's age at the time of the incident with R.D. However, given the jury's verdict, it clearly accepted the State's evidence that Hamed was born in 1991. Hamed was ultimately convicted of having sexual intercourse with a 14 year old at a time when he was 22 years old. By the time of the sentencing hearing, Hamed was 25 years old. There is nothing in our record to suggest that he was particularly immature.

Hamed also asserts that he should have received a lesser sentence because he has never before been charged or convicted of any sexual offenses. Hamed's assertion that he has never before been convicted or charged with a sexual assault is correct. However, his criminal history

indicates that Hamed has had numerous contacts with law enforcement and with the courts. Hamed was cited on numerous occasions in 2008 and 2009 for physically assaulting his older sister. In addition, Hamed has previously been convicted of attempted second degree assault; third degree assault; refusal to comply with a police officer; possession of marijuana; and various traffic infractions. The circumstances surrounding Hamed's conviction for attempted second degree assault occurred when he was in jail awaiting trial on the current charges. Hamed engaged in a fight with another inmate and was ultimately sentenced to one year in jail. The records from the Department of Corrections indicate that Hamed had numerous behavioral problems while he was in jail awaiting trial. These behavioral problems ranged from refusing to listen to the directions and orders of corrections officers to throwing furniture and threatening to harm corrections officers. Hamed also violated the conditions of his bond by fleeing the country and by having repeated contact with R.D. when a no contact order was in place.

Hamed continues to minimize the severity of his offenses by arguing that the sexual intercourse with R.D. was consensual and that he did not force her to do anything she did not want to do. Hamed's argument is misplaced. He was convicted of having sexual intercourse with a 14 year old when he was 22 years old. This is a serious crime. Given all of the evidence contained in our record, there is no abuse of discretion in the district court's decision to sentence Hamed to 10 to 15 years' imprisonment for his conviction for first degree sexual assault. We affirm.

## V. CONCLUSION

Upon our review, we affirm Hamed's convictions and sentences. We find that there was sufficient evidence presented at trial to support his convictions and that the district court did not abuse its discretion in imposing the sentences for Hamed's convictions. Hamed's assertions of error on appeal are without merit.

AFFIRMED.